NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEONTE STEPHON MILLER, *Appellant.*

No. 1 CA-CR 13-0590
FILED 08-26-2014

Appeal from the Superior Court in Maricopa County
No.  CR2012-048372-001
The Honorable Jonathan H. Schwartz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**         Deonte Stephon Miller appeals his convictions and sentences for burglary in the second degree, a class three felony, and trafficking in stolen property in the first degree, a class two felony.[1]  For the following reasons, we affirm.

**¶2**         Miller argues the prosecutor committed misconduct by "impugning the integrity of [Miller's] counsel" in a single instance during closing argument without objection.  At trial, Miller's girlfriend testified as an adverse witness during the prosecution's case-in-chief about her conversation with a defense investigator:

> Q: [D]id you tell me that the defense attorney sent an investigator to talk with you?
>
> A: Yeah. . . .
>
> Q:  And didn't you tell me the investigator also told you to come in and help?
>
> A:  I told you that they came and talked with me, meaning that they were all sad because I told them what they know and it seemed like it was not good enough.  And he's like, well, I guess [Miller is] going to have to suffer. . . .
>
> Q:  So he was talking you into coming and telling more than you knew?
>
> A: Yes.

---

[1]     Miller filed a timely notice of appeal.  We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033 (2010).

The jury also heard evidence that others (including Miller himself) had attempted to influence what she said. During closing argument, the prosecutor incorrectly stated, "[Miller's girlfriend] is getting contacted by the *defense attorney* in jail who tells her: That's not enough; you need to say more, after she told him: That's all I know. All of the pressure on [Miller's girlfriend] . . . to tell a story." (Emphasis added.)

**¶3** Because Miller failed to object to this alleged error at trial**,** we review for fundamental error. *State v. Roque*, 213 Ariz. 193, 228, ¶ 154, 141 P.3d 368, 403 (2006) (citation omitted). Under this review, Miller must demonstrate: (1) an error occurred, (2) the error was fundamental, and (3) the error caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-26, 115 P.3d 601, 607-08 (2005). As applied, among other things, Miller must show: "(1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial." *State v. Anderson*, 210 Ariz. 327, 340, ¶ 45, 111 P.3d 369, 382 (2005) (citation omitted). Misconduct includes a prosecutor "impugn[ing] the integrity or honesty of opposing counsel." *State v. Hughes*, 193 Ariz. 72, 86, ¶ 59, 969 P.2d 1184, 1198 (1998).

**¶4** Assuming without deciding the prosecutor's incorrect statement constituted misconduct, we cannot say this isolated instance of alleged misconduct denied Miller a fair trial. Miller has not "demonstrate[d] that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. at 79, ¶ 26, 969 P.2d at 1191 (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)). As a result, we affirm Miller's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

3